UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CLEMENTE TREVINO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:03-CR-33-TS |
| | ) | (1:05-CV-43-TS) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**STATEMENT OF REASONS**

On April 13, 2005, this Court denied the Petitioner, Clemente Trevino's, 28 U.S.C. § 2255 Motion to Correct Sentence. On May 16, 2005, the Petitioner filed his Notice of Appeal. The Petitioner may not appeal the Court's decision without obtaining a certificate of appealability (COA). Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c).

To obtain a COA under § 2253(c), a habeas prisoner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Walker v. O' Brien*, 216 F.3d 626, 631–32 (7th Cir. 2000). A petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484. (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). When a district court denies a habeas petition on procedural grounds, without reaching the prisoner's underlying constitutional claim, determining whether a COA should issue has two components,

> one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the §

> 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.

*Id.* at 484–85.

Here, the Petitioner argued that, at sentencing, the Court considered facts not proven to a jury beyond a reasonable doubt and that his sentence was, thus, unconstitutional under *United States v. Booker*, 125 S. Ct. 738 (2005). The Court denied the Petition because the Petitioner waived his right to appeal or collaterally attack his sentence in a written and signed Plea Agreement. In paragraph 12(c) of the Plea Agreement, the Defendant agreed that:

> the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for his offense as set forth above in paragraph 7 of this Plea Agreement. With that understanding, defendant expressly waives his right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742. Defendant also agrees not to contest his sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255.

In exchange for the Petitioner's plea and his waiver, the government agreed, *inter alia*, to move to dismiss Counts One, Two, Three, and Four of the Six-Count Indictment, which it did at the time of sentencing.

Jurists of reason would not debate the correctness of the Court's conclusion that the Petitioner's § 2255 motion was barred by this waiver. There was no evidence that the Plea Agreement was coerced or made without knowledge of the waiver provision. The cited language is an unambiguous agreement by the Defendant not to contest his sentence, or the manner in which it was determined, and covers the Petitioner's *Booker* challenge. *See, e.g., United States v. Bradley*, 400 F.3d 459, 465 (6th Cir. 2005) (rejecting defendant's argument that he was no longer bound by plea agreement, including waiver of appeal, in the aftermath of *Booker*); *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005) (observing that "the right to appeal a sentence based on

*Apprendi/Booker* grounds can be waived in a plea agreement" and that "[b]road waiver language covers those grounds of appeal"); *see also United States v. Behrman*, 235 F.3d 1049, 1051 (7th Cir. 2000) (holding that there is no general "constitutional-argument exception" to voluntary waivers that are not the result of ineffective assistance of counsel).

The Court also noted that even if it considered the Petitioner's argument, it would not grant the requested relief because the Supreme Court's decision in *Booker* does not apply retroactively to criminal cases that became final before January 12, 2005. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (holding that rights recognized by *Booker* do no apply retroactively on collateral review). The Court entered final judgment against the Petitioner on December 5, 2003, which it amended December 11, 2003, to include the forfeiture information.

A Certificate of Appealability shall not issue in this case. The Clerk is directed to send this Statement to the court of appeals pursuant to Federal Rule of Appellate Procedure 22(b).

SO ORDERED on May 24, 2005.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT

3